Jones,'J.
 

 The relator purchased a truck or commercial car, composed of a chassis and cab, from a
 
 *34
 
 manufacturer who at the time of purchase represented the weight of the truck fully equipped to be' 3,515 pounds. Subsequently the relator purchased a body and attached it to his truck, which made the actual gross weight of the truck 4,550 pounds after adding the body equipment. While the petition does not so state, relator’s counsel in his brief admits that the relator attached the body to his truck for the purpose of ordinary hauling.
 

 While other sections.of the Registration Act have been cited as throwing some light upon this controversy, the entire question hinges upon the construction that should be given to Section 6293, General Code, which in part reads as follows: “The weight of all motor vehicles, shall be the weight of the vehicle fully equipped as represented by the manufacturer, or as named in the shipping bill; provided, that if this be not known, or is not the actual weight, the actual weight as determined on a standard scale shall govern. ’ ’
 

 The relator bases his contention on the first clause of the quoted section, while the respondents rely upon the second. . The truck, in addition to its equipment when sold by the manufacturer, had further equipment when the application for license was made. Had the body been attached to the chassis when sold by the manufacturer, no doubt the latter’s representation of the weight would have been, not 3,515 pounds, but 4,550 pounds. Should we uphold relator’s contention, a manufacturer or purchaser could very easily evade the spirit and manifest purpose of the Motor License Law, which looks to the actual rather than the represented weight.
 

 The construction asked by the relator might lead to absurd situations. For example: Had the manufacturer attached the body to the truck -at the time of sale, the represented weight would be the gross weight of the truck thus equipped, and the license fee would
 
 *35
 
 have, been based thereon. Can it be cogently argued that, if a manufacturer one week sells a truck composed of a chassis and cab, and the next week sells a body for the same truck, which the purchaser attaches thereto, for the purpose of ordinary hauling, as he says, the purchaser can escape the statutory fee by such a device? The last clause of the above-quoted section provides that, if the weight of the equipped vehicle as represented be not known, or
 
 is not the actual weight, the actual weight as determined on a standard scale shall govern.
 
 The section makes it clear that the pole star of the act is the actual and not the represented weight, and it should govern in this case.
 

 The demurrer of the relator to the answer will be overruled and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Allen, Stephenson, Matthias, Bevis and Zimmerman, JJ., concur.